# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TANA TARANA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CASE NO. 1:12-cv-633 |
| vs. | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| BLOOMINGTON, INC., | ) |
| f/k/a Bloomington Hospital, Inc., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Tana Tarana ("Tarana"), by counsel, brings this action against Defendant, Indiana University Health Bloomington, Inc., f/k/a Bloomington Hospital, Inc., (hereinafter "Bloomington Hospital" or "Defendant") for unlawfully violating her rights as protected by the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and Indiana state law and public policy

### II. PARTIES

2. Tarana is a resident of Bloomington, Monroe County, Indiana who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in Monroe County within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this Complaint pursuant to 42 U.S.C. § 12117, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Defendant is a "person" within the meaning of 42 U.S.C. § 12111(7).

7. At all times relevant to this action, Tarana has been an "employee" within the meaning of that term in 42 U.S.C. § 12111(4).

8. Tarana is a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8).

9. Plaintiff satisfied the obligation to exhaust administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2011-00717 against Defendant alleging retaliation and discrimination based on disability. Plaintiff received a Notice of Suit Rights on the Charge of Discrimination and now brings this original action within ninety (90) days of Plaintiff's receipt thereof.

10. Substantially all of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

11. Plaintiff's state law claims arise from the same common nucleus of operative facts as Plaintiff's federal law claims and all of Plaintiff's claims form a single case and controversy under Article III of the United States Constitution.

## IV. FACTUAL ALLEGATIONS

12. Tarana began working for Defendant as a Registered Nurse (RN) on or about

March 6, 2000.

13. Tarana met or exceeded Defendant's legitimate performance expectations at all times relevant to the instant lawsuit.

14. On or about January 25, 2007, Tarana suffered an on-the-job injury to her right wrist/hand that resulted in a permanent physical impairment that substantially limits one or more of Tarana's major life activities. Specifically, Tarana suffered a peri lunate fracture dislocation with partial rupture of the scapholunate ligaments in the right wrist. The traumatic injury resulted in mid-carpal instability with volar intercalated segment instability collapse and permanent substantial loss of function and motion.

15. Defendant was aware of Tarana's permanent physical impairment and provided reasonable accommodations until it unilaterally terminated Plaintiff's employment on or about May 19, 2010.

16. On the basis of Tarana's disability, in retaliation against Tarana in violation of the ADA, and/or in retaliation against Tarana for exercising her statutory rights to file and pursue a Worker's Compensation claim, Defendant subjected Tarana to harassment and materially adverse employment action that culminated in the termination of her employment.

17. Defendant's harassment and retaliation against Tarana included less desirable work assignments; limited professional development opportunities; demands that Tarana perform non-essential functions in violation of her physician's orders; intentional payroll and scheduling aggravations; unwarranted derision and less favorable performance reviews.

18. Moreover, on the basis of Tarana's disability and/or in retaliation against Tarana for engaging in protected activities and exercising statutory rights, Defendant refused to engage

in the interactive process to identify or select Tarana to fill open and available positions that she was qualified and sought to fill.

19. Tarana was replaced by an individual whom Defendant did not regard as disabled and was not known by Defendant to have exercised statutory rights to file or pursue a worker's compensation claim.

### V. Cause of Action

#### Count I: Disability Discrimination

20. Tarana hereby incorporates paragraphs one (1) through nineteen (19) of this Complaint as if the same were set forth at length herein.

21. Tarana was not selected to fill open and available positions and her employment was terminated on the basis of her known disability.

22. Defendant's conduct was deliberate, willful, and in reckless disregard for Tarana's rights as protected by the ADA.

23. Tarana has suffered damages as a result of Defendant's unlawful conduct.

#### Count II: Harassment

24. Tarana hereby incorporates paragraphs one (1) through twenty-three (23) of this Complaint as if the same were set forth at length herein.

25. Defendant subjected Tarana to harassment so severe and pervasive that it altered the terms, conditions and privileges of her employment.

26. Defendant's conduct was deliberate, willful, and in reckless disregard for Tarana's rights as protected by the ADA.

27. Tarana has suffered damages as a result of Defendant's unlawful conduct.

### COUNT III: RETALIATION

28. Tarana hereby incorporates paragraphs one (1) through twenty-seven (27) of this Complaint as if the same were set forth at length herein.

29. Defendant subjected Tarana to materially adverse employment action in retaliation against Tarana for engaging in activities protected by the ADA.

30. Defendant's actions were in violation of the ADA.

31. Defendant's actions were willful, intentional, done in bad faith with malice aforethought, and in reckless disregard for Tarana's civil rights.

32. Tarana has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: UNLAWFUL DISCHARGE

33. Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of this Complaint as if the same were set forth at length herein.

34. Defendant unlawfully refused to select Tarana to fill open and available positions and terminated Tarana's employment to retaliate against Tarana, interfere with, impair, discourage and/or prevent Tarana's exercise of the statutory right to file and pursue a Worker's Compensation claim against Defendant.

35. Defendant's actions were against public policy and were intentional, willful and in reckless disregard for Plaintiff's statutory rights under Indiana law.

36. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tana Tarana, respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff the following relief:

1. Injunctive relief sufficient to prevent Defendant from subjecting employees to disability discrimination and/or unlawful retaliation or discharge;

2. Payment to Tarana of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3. Reinstate Tarana to the position that she would have enjoyed but for Defendant's unlawful actions and/or payment to Tarana of front pay in lieu thereof;

4. Payment to Tarana of compensatory and punitive damages;

5. Payment to Tarana of pre- and post-judgment interest;

6. Payment to Tarana of all costs and reasonable attorneys fees incurred in litigating this action; and

7. Provide to Tarana any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

/s/Roy W. Harris Jr._____
Roy W. Harris Jr. (#27144-82)

BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       rharris@bdlegal.com

Attorneys for Plaintiff, Tana Tarana

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tana Tarana, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

-7-

        /s/Roy W. Harris Jr._____
        Roy W. Harris Jr. (#27144-82)

BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email:       rharris@bdlegal.com

Attorneys for Plaintiff, Tana Tarana